**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| AMEFIKE KOFI CHANGAMIRE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. SAG-23-1546 |
| | * | |
| BALTIMORE CITY BOARD OF | * | |
| SCHOOL COMMISSIONERS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Amefike Kofi Changamire ("Plaintiff"), who is self-represented, filed a Complaint in this Court against his employer, the Baltimore City Board of School Commissioners ("BCBSC"). ECF 1. BCBSC filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6). ECF 11. In addition to opposing the motion to dismiss, ECF 13, Plaintiff filed a motion for leave to amend the Complaint and a motion for leave to file physical exhibits. ECF 14, 15. This Court has reviewed the motions and the related filings. ECF 16, 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, BCBSC's motion to dismiss will be granted and the claims will be dismissed without prejudice. Plaintiff's two motions will be denied.

**I.      FACTUAL BACKGROUND**

The facts described herein are taken from Plaintiff's Complaint, ECF 1, and are taken as true for purposes of this motion. Plaintiff has worked for BCBSC at Augusta Fells Savage Institute of Visual Arts from at least August 31, 2022, through June 13, 2023. *Id.* ¶ 5. On August 31, 2022, a student pulled out drugs in Plaintiff's class and Plaintiff asked the student to leave. *Id.* ¶¶ 7, 24. The student refused, and Plaintiff wrote a referral to the principal. *Id.* In the ensuing days, Plaintiff

was subject to observation of his class and received negative feedback, which he believed to be retaliation for having referred the student for discipline. *Id.* ¶¶ 9, 10. The observations continued over subsequent weeks and Plaintiff continued to believe he was being harassed. *Id.* ¶¶ 11–24. Eventually, Plaintiff complained to the teacher's union and other school officials about the observations and harassment. *Id.* ¶¶ 25–34. He also asked to transfer schools, but the request was denied. *Id.* ¶¶ 34-36. Plaintiff also alleges that he had to "teach in a classroom with no airconditioner [sic] in the summer months, no heat in the winter and several electrical and fire hazards." *Id.* ¶ 6.

Plaintiff's Complaint (and his proposed Amended Complaint[1]) lists three causes of action, two of which are federal: (1) the Occupational Safety & Health Act ("OSHA") and (2) Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff cites federal question jurisdiction as his sole basis for filing this case in federal court, as there is no diversity of citizenship between Plaintiff, a Maryland resident, and BCBSC.

## II.    LEGAL STANDARDS

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

---

[1] The Amended Complaint also contains a cursory reference to "The 14th Amendment," but there are no facts to suggest any basis for a violation of Plaintiff's constitutional rights. ECF 14-1 at 4. That isolated reference, therefore, does not establish a viable federal claim.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts]

in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203

n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   ANALYSIS

#### A.  Motion to Dismiss

Neither of the federal statutes Plaintiff cites provides him an actionable claim for the reasons set forth below.

##### 1.   OSHA

The OSHA statute does not create a private right of action, meaning that a private citizen cannot sue for an OSHA violation even where he is injured. *Byrd v. Fieldcrest Mills, Inc.,* 496 F.2d 1323, 1323 (4th Cir. 1974)*; Rosen v. Prince George's Bd. of Educ.,* 81 F.3d 151 (Table), 1996 WL 128420, at *1 (4th Cir. Mar. 21, 1996) (determining that family members of a teacher who died of mesothelioma after asbestos exposure in a school had no private right of action). Even if such suits were cognizable, Plaintiff's Complaint does not allege he suffered any injury as a result of unsafe workplace hazards. Because OSHA provides no private right of action, it cannot serve as the basis for Plaintiff's assertion of federal jurisdiction and his OSHA claim must be dismissed.

##### 2.   Title VII of the Civil Rights Act

Title VII prohibits an employer from discriminating against any individual because of such individual's "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). The elements of a Title VII discrimination claim are: (1) plaintiff's membership in a protected class; (2) his satisfactory work performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees outside plaintiff's protected class. *See Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019) (citing *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir.

2010)). And the elements of a Title VII retaliation claim require, in relevant part, that the employee must have taken protected action to oppose an unlawful employment practice by the employer. *See DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015) (noting that the oppositional activity must be directed at "an unlawful employment practice"). In other words, the plaintiff must have complained about an action that discriminated on the basis of a protected class and thus violated Title VII.

Even assuming, without deciding, that Plaintiff had filed an EEOC charge about the conduct described in his Complaint, that would not constitute protected oppositional activity under Title VII.  Plaintiff's Complaint does not allege any discrimination or harassment on the basis of his race, color, religion, sex, or national origin. In fact, the Complaint does not mention Plaintiff's membership in any protected class at all. Instead, it very clearly alleges that Plaintiff has been harassed because he referred a student for discipline for having drugs in his classroom. *See* ECF 1 ¶ 24 ("All of this harassment and retaliation started because I reported a student having drugs in my classroom during the 1st week of school"). That type of general harassment or unpleasant workplace dynamic does not fall within the limited protections of Title VII. Plaintiff's Title VII claim must also be dismissed.

**B.  Motion for Leave to Amend and Motion for Leave to File Physical Exhibits**

A motion to dismiss is typically decided on the four corners of the complaint. Only limited categories of other documents may be considered, such as documents that were attached to the complaint, *see* FED. R. CIV. P. 10(c), or a document "integral to and explicitly relied on in the complaint, and when [the opposing party does] not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (internal quotation marks and citations omitted). Other exhibits are not properly considered in conjunction with a motion to

dismiss, and Plaintiff's motion to file physical exhibits for that purpose, ECF 15, is properly denied.

Turning to Plaintiff's motion for leave to file an amended complaint, while leave to amend a complaint is generally freely given, courts should not grant leave to amend where amendment would be futile. *See HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). To determine whether a proposed amended complaint would be futile, the Court reviews the new complaint under the standard used to evaluate a motion to dismiss for failure to state a claim. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Here, Plaintiff's proposed amended complaint cites the same federal statutes addressed above and would have to be dismissed on the same grounds as the present Complaint. Thus, permitting the amendment would be futile because it would not allow Plaintiff to assert any viable federal claims.

To the extent Plaintiff's Complaint includes any state law claims such as intentional infliction of emotional distress, this Court expressly declines to exercise supplemental jurisdiction because Plaintiff has no remaining federal claims. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction" over state claims if, *inter alia*, the "court has dismissed all claims over which it has original jurisdiction," or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). The Supreme Court has explained that district court judges should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have

dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (footnote omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). This Court declines the exercise of supplemental jurisdiction here, and Plaintiff is free to refile any state law claims he may have in state court.

## IV.  CONCLUSION

For the reasons set forth above, BCBSC's motion to dismiss, ECF 11, is GRANTED and Plaintiff's federal claims are dismissed without prejudice. Plaintiff's motion for leave to amend the Complaint, ECF 14, is DENIED as futile and his motion for leave to file physical exhibits, ECF 15, is DENIED.  A separate Order follows.

Dated:  September 14, 2023                    _____/s/_____
                                              Stephanie A. Gallagher
                                              United States District Judge